UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TONY D. WALKER,

        **Plaintiff,**

    v.                                             Case No. 13-CV-3

**WISCONSIN DEPARTMENT OF CORRECTIONS,
EDWARD WALL, DEIRDRE MORGAN,
CATHY JESS, CHARLES FACKTOR,
AMY BASTEN, MICHAEL BAENEN,
CAPTAIN MICHAEL DELVAUX,
CAPTAIN PUSICH, JESSICA LEGOIS,
MICHAEL MOHR, and OFFICER HOTIERMAN,**

        **Defendants.**

## SCREENING ORDER

Plaintiff, a Wisconsin state prisoner, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on plaintiff's petition to proceed in forma pauperis.

On January 18, 2013, I assessed plaintiff an initial partial filing fee of $1.41. He subsequently filed a motion for reconsideration in which he asserts that due to outstanding legal financial obligations, the average monthly balance of his trust account statement remains $0, despite nominal deposits. A review of plaintiff's trust account statement reveals that money deposited in his account is immediately withheld, usually for court filing fees. I am satisfied that plaintiff lacks the funds to pay an initial partial filing fee and, therefore, his motion for reconsideration will be granted. See 28 U.S.C. § 1915(b)(4).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that

is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff is incarcerated at Green Bay Correctional Institution ("GBCI"). Defendants are: the Wisconsin Department of Corrections ("DOC"); DOC Secretary Edward Wall; DOC Deputy Secretary Deirdre Morgan; Administrator of DOC Division of Adult Institutions Cathy Jess; Correctional Complaint Examiner Charles Facktor; Corrections Management

3

Services Director Amy Basten; GBCI Warden Michael Baenen; Captain Michael Delvaux; Captain Pusich; Financial Specialist Jessica Legois; Inmate Complaint Examiner Michael Mohr; and Officer Hotierman.

According to the complaint, on July 25, 2012, defendant Hotierman issued plaintiff Conduct Report 2194175 charging him with lying and theft in violation of Wis. Admin. Code §§ DOC 303.27 and 303.34. The next day, defendant Delvaux authorized the conduct report to proceed through the disciplinary process. On August 4, 2012, defendant Pusich found plaintiff guilty of the rule violations at a disciplinary hearing and sentenced him to sixteen days cell confinement. Although plaintiff attended the hearing, he was not provided advance notice of the hearing. On August 12, 2012, plaintiff appealed the disciplinary conviction to defendant Baenen based on not having received advance notice, that the conduct report was defective because it accused him of violating GBCI rules but contained DOC rules instead of GBCI rules, and because GBCI did not have jurisdiction of the disciplinary matter because violations of DOC rules are crimes the state must handle. Defendant Baenen affirmed the disciplinary conviction on September 4, 2012, finding no due process errors. Plaintiff filed an offender complaint with the Inmate Complaint Review System regarding the alleged deficiencies with the conduct report and disciplinary hearing. Defendant Mohr rejected the complaint and defendant Baenen affirmed the rejection on appeal.

On October 19, 2012, plaintiff submitted a request for a legal loan to GBCI's Business Office so he could obtain the documents he needed to file a petition for writ of certiorari in Brown County, Wisconsin, challenging the disciplinary conviction for Conduct Report 2194175. On October 24, 2012, defendant Legois denied plaintiff's legal loan

4

Case 2:13-cv-00003-LA   Filed 04/25/13   Page 4 of 11   Document 9

request, stating that it did not meet the criteria of Wis. Admin. Code § DOC 309.51. Plaintiff submitted grievances to defendants Baenen and Basten regarding the denial of his request for a legal loan, and Basten upheld the denial. Plaintiff submitted an Inmate Complaint Review System grievance on October 26, 2012. On October 31, 2012, defendant Mohr recommended dismissal of the grievance and defendant Baenen dismissed the complaint. Plaintiff appealed the dismissal and on November 9, 2012, defendant Facktor recommended dismissal of the appeal and on November 19, 2012, defendant Morgan dismissed the appeal. On November 7, 2012, plaintiff mailed a petition for writ of certiorari to the Brown County Circuit Court. Because defendants DOC, Jess, Wall, Morgan, Facktor, Baenen, Mohr, Basten, and Legois denied plaintiff a legal loan, he could not send a copy of his trust account statement, in forma pauperis petition, or exhaustion documentation to the state court. On December 12, 2012, Brown County Circuit Court Judge Mark A. Hammer denied plaintiff's petition because he failed to provide authorization to withhold money from plaintiff's trust fund account.

Plaintiff claims that defendants DOC, Wall, Baenen, Delvaux, Hotierman, Mohr, and Pusich violated his due process rights because they intentionally disregarded the procedures for processing crimes so that they can arbitrarily and capriciously impose their own punishments on plaintiff. According to plaintiff, he should have been charged with a crime under Wisconsin state law, Wis. Stat. § 946.73, instead of the Wisconsin Administrative Code violations set forth in Conduct Report 2194175 and defendants' failure to do so denied plaintiff the process due to individuals charged with violations of state law. He also claims that defendants failed to give him notice of the date, time, and place of his disciplinary hearing. Plaintiff further claims that defendants failed to give notice of the

5

actual disciplinary charges in violation of his due process rights.  According to plaintiff, defendants DOC, Wall, Baenen, Delvaux, Pusich, Hotierman, and Mohr advised plaintiff that he was charged with violating institution rules but actually charged him with violating the Wisconsin Administrative Code.

The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; those who seek to invoke its procedural protection must establish that one of these interests is at stake.  U.S. Const. Amend. XIV; Wilkinson v. Austin, 545 U.S. 209, 221 (2005).  In the prison context, disciplinary segregation can trigger due process protections depending on the duration and conditions of segregation.  Marion v. Columbia Corr. Inst., 559 F.3d 693, 697 (7th Cir. 2009) (citing Wilkinson, 545 U.S. at 224; Sandin v. Connor, 515 U.S. 472, 486 (1995)). Here, plaintiff alleges that he was sentenced to sixteen days "cell confinement" as punishment following his disciplinary hearing for Conduct Report 2194175.  This sentence does not implicate a liberty interest.  See Marion, 559 F.3d at 697 n.2 (collecting cases).  Thus, plaintiff does not state a due process claim based on failure to receive notice for the disciplinary hearing.  See Lekas v. Briley, 405 F.3d 602, 607 (7th Cir. 2005).

Plaintiff also does not state a claim based on allegations that Conduct Report 2194175 was defective because it charged him with violating the DOC-wide Wisconsin Administrative Code provisions instead of an institution-specific rule.  Prison procedures themselves are not substantive liberty or property interests that are protected by due process, see Shango v. Jurich, 681 F.2d 1091, 1100-01 (7th Cir. 1982), and a violation of state laws or regulations is not a basis for a federal civil rights suit, see Guajardo-Palma v. Martinson, 622 F.3d 801, 806 (7th Cir. 2010).

6

Additionally, plaintiff does not state a claim based on defendants' failure to notify the Brown County District Attorney so that he could be charged under Wisconsin state law. Wisconsin Statute § 946.73 makes it a misdemeanor to violate a lawful rule made pursuant to state law governing a penal institution while within the institution. Here, plaintiff was issued a conduct report for violating Wis. Admin. Code §§ DOC 303.27 and 303.34. Plaintiff was not charged with a misdemeanor and he has not cited to any source demonstrating that the lack of charge violated his rights. Thus, he may not proceed on this claim.

Plaintiff further claims that defendants DOC, Wall, Morgan, Facktor, Jess, Baenen, Basten, Legois, and Mohr denied him access to the courts and violated his right to equal protection because they denied him a legal loan and, as a result, his certiorari petition was dismissed because he was unable to submit the necessary documents in his Brown County case. The Constitution guarantees prisoners a right of access to the courts. Lewis v. Casey, 518 U.S. 343, 350-51 (1996). To state a claim, plaintiff must allege an actual injury – that is, he must set forth "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." Ortiz v. Downey, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted). Here, plaintiff alleges that his petition for writ of certiorari challenging his disciplinary hearing in Brown County Circuit Court was dismissed because he is indigent and defendants would not grant him a legal loan. At this stage of the proceedings, I cannot determine whether plaintiff's state case is "legitimate" or nonfrivolous under state law. See Christopher v. Harbury, 536 U.S. 403, 414 (2002). Thus, plaintiff may proceed on an access to the courts claim against defendants Wall, Morgan, Facktor,
7

Case 2:13-cv-00003-LA   Filed 04/25/13   Page 7 of 11   Document 9

Jess, Baenen, Basten, Legois, and Mohr. However, plaintiff may not proceed on an equal protection claim because indigent prisoners are not a suspect class. See Lucien v. DeTella, 141 F.3d 773, 775 (7th Cir. 1998); see also Rivera v. Allin, 144 F.3d 719, 727 (7th Cir. 1998) (abrogated on other grounds by, Jones v. Bock, 549 U.S. 199, 214-216 (2007)).

Plaintiff seeks to bring this action on behalf of himself and all other persons similarly situated. However, as a pro se litigant, plaintiff does not satisfy the requirements for a class action. See Fed. R. Civ. P. 23(a)(4); see also Green v. Benden, 281 F.3d 661, 665 (7th Cir. 2002) (as a pro se plaintiff, litigant may only represent himself).

In sum, plaintiff may proceed on an access to the courts claim against defendants Wall, Morgan, Facktor, Jess, Baenen, Basten, Legois, and Mohr. Defendants Delvaux, Pusich, and Hotierman will be dismissed because they are not alleged to have been personally involved in the claim. See Arnett v. Webster, 658 F.3d 742, 757 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007). Defendant DOC will be dismissed because it is not a suable entity. See Dobbey v. Ill. Dep't of Corr., 574 F.3d 443, 444 (7th Cir. 2009).

### Motion for Counsel

Plaintiff has filed a motion for pro bono counsel. Although civil litigants do not have a constitutional or statutory right to counsel, I have the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007); Luttrell v. Nickel, 129 F.3d 933, 936 (7th Cir. 1997) (citing Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. Pruitt,

503 F.3d at 654; Zarnes, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. Pruitt, 503 F.3d at 654-655 (citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993)).

In this case, plaintiff has not provided any indication that he unsuccessfully attempted to obtain legal counsel on his own. Nonetheless, plaintiff has provided a detailed complaint setting forth his claims. Moreover, the issues in this case appear at this stage to be straightforward and uncomplicated. Therefore, at this juncture, given the nature of the case, it appears that plaintiff is competent to litigate this case himself. Accordingly, his request for counsel will be denied.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket #6) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for reconsideration of initial partial filing fee (Docket #8) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants DOC, Delvaux, Pusich, and Hotierman are **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint

9

and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $350.00 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Pilot Project, plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Pilot Project is in effect only at Green Bay Correctional Institution and, therefore, if plaintiff is no longer incarcerated there, he will be required to submit all correspondence and legal material to:

> Honorable Lynn Adelman
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue

Milwaukee, Wisconsin 53202

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 25th day of April, 2013.

s/ Lynn Adelman
LYNN ADELMAN
District Judge