UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TONY D. WALKER,
      **Plaintiff,**

  v.                                        Case No. 13-CV-00003

**WISCONSIN DEPARTMENT OF CORRECTIONS, et al.,**

      **Defendants,**

## DECISION AND ORDER

Plaintiff, Tony Walker, pro se, filed an action under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on defendants' motion to dismiss and on plaintiff's motion to reconsider the court's screening order which dismissed certain claims and defendants. Defendants' motion to dismiss will be denied because it relies on matters outside the pleadings in attempt to establish a failure to exhaust administrative remedies, but does not comply with the rules governing summary judgment for <u>pro se</u> litigants. Plaintiff's motion to reconsider will be denied.

**I. DEFENDANT'S MOTION TO DISMISS**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. <u>See</u> Fed. R. Civ. P. 12(b)(6). To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the...claim is and the grounds upon which it rests." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting

Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

In considering a motion to dismiss, courts should follow the principles set forth in Twombly by, first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S.Ct. at 1950. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

In support of their motion to dismiss, the defendants submit the affidavit of Michael Mohr, Institution Complaint Examiner (ICE) at the Green Bay Correctional Institution, with exhibits. When ruling on a Rule 12(b)(6) motion to dismiss, I focus on the pleadings of the parties. If "matters outside the pleadings are presented to and not excluded by the court" in connection with a motion to dismiss for failure to state a claim, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all

2

parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56." Fed.R.Civ.P. 12(b).

Here, the defendants have filed an affidavit in support of their motion which includes defendant Mohr's testimony, not merely documents central to plaintiff's claim and referred to in his complaint. Compare Fed. R. Civ. P. 10(c). Thus, the motion to dismiss is properly treated as a motion for summary judgment. Anderson v. Pollard, 06-C-0782, 2007 WL 2417275 (E.D. Wis. Aug. 21, 2007).

However, counsel for the defendants have not provided the pro se plaintiff with the required notice statements required by Civil L. R. 56(a)(1)(A), or the text to Fed. R. Civ. P. 56(e) and (f), Civil L. R. 56(a), Civil L. R. 56(b), and Civil L. R. 7 (E.D.Wis.). See id. Therefore, the motion to dismiss will be denied and defendants' requested leave to file a summary judgment motion on the exhaustion issue without prejudice to a later filed motion will be granted.

**II. PLAINTIFF'S MOTION TO REINSTATE CLAIMS AND DEFENDANTS**

Plaintiff brings a motion pursuant to Fed. R. Civ. P. 59(e) to reinstate claims and defendants dismissed in the Screening Order (Docket # 9). A motion for reconsideration, or a motion to alter or amend judgment pursuant to Rule 59(e), serves three very limited purposes in federal civil litigation: newly discovered evidence; an intervening change in the controlling law; or manifest error of law. Cosgrove v. Bartolotta, 150 F.3d 729, 732 (7th Cir. 1998); In re Prince, 85 F.3d 314, 324 (7th Cir. 1996); Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996); Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995). Such motions are generally not

3

vehicles to introduce new evidence or advance arguments that could or should have been presented to the district court prior to judgment. Moro, 91 F.3d at 876; Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987). Rather, their purpose is "to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." Charles v. Daley, 799 F.2d 343, 348 (7th Cir. 1986). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." Prince, 85 F.3d at 324.

To prevail on a motion for reconsideration under Rule 59, the movant must present either newly discovered evidence or establish a manifest error of law or fact. LB Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263, 1267 (7th Cir. 1995). A "manifest error" is not demonstrated by the disappointment of the losing party. It is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997).

Plaintiff's motion does not raise grounds that satisfy Rule 59(e)'s requirements, it merely restates arguments that were stated and rejected in the complaint.

Plaintiff complained that defendants violated his due process rights by failing to provide notice of a disciplinary hearing, and providing defective notice of the charges of violating institutional rules against him, instead citing to administrative code violations. I dismissed this due process claim because plaintiff's punishment of sixteen days of "cell confinement" does not establish a deprivation of a liberty interest, even if I accept that

4

plaintiff's allegations of defective notice could establish that there were procedural irregularities in the disciplinary process. Marion v. Colombia Correctional Inst., 559 F.3d 693, 697-98 (7th Cir. 2009). A deprivation of liberty without fair notice of the acts that would give rise to such a deprivation violates the due process clause only if there is a deprivation of liberty. Toston v. Thurmer, 689 F.3d 828, 832 (7th Cir. 2012) A sanction of segregated confinement is a change in the character rather than length of confinement, and is not deprivation of liberty in the plaintiff's case, as the period "cell confinement" was relatively short and there is no indication that the conditions were unusually harsh. See id. Plaintiff's citation to Clayton-El v. Fisher, does not suggest an error of law in dismissing the claim because that case is factually distinguishable. 96 F.3d 236 (7th Cir. 1996)(punishment of one year of segregation and loss of good time credit established liberty interest).

Plaintiff does not offer any basis under Rule 59(e) to alter the conclusion that his due process rights were not infringed when he was issued a conduct report for violating Wis. Admin. Code §§ DOC 303.27 and 303.34, while the Brown County District Attorney was not asked to charge him with a misdemeanor for the same conduct under Wisconsin Statute § 946.73. None of the authorities plaintiff cites require a court or the defendants to compel Brown County law enforcement to prosecute an offense.

Plaintiff does not offer a proper basis to proceed with equal protection claims on behalf of similarly situated prisoners or as a "class of one." His allegation that the defendants routinely deny indigent prisoners that owe money to the DOC legal loans is at odds with the notion that he was singled out and treated differently from other indigent defendants. His Rule 59(e) motion fails to demonstrate that he pleaded a "class of one"

5

equal protection claim, therefore the claim was properly dismissed. See Geinosky v. City of Chicago, 675 F.3d 743 (7th Cir. 2012).

Finally, the Wisconsin Department of Corrections was properly dismissed because the Eleventh Amendment bars suits against states and state agencies such as the DOC, and the DOC is not a "person" within meaning of § 1983. Thomas v. Illinois, 697 F.3d 612, 613 (7th Cir. 2012) Dobbey v. Ill. Dep't of Corr., 574 F.3d 443, 444 (7th Cir. 2009). Plaintiff's allegations and arguments concerning policies or practices of the DOC do not avoid the Eleventh Amendment bar to suit under Monell v. City of New York Department of Social Services, 436 U.S. 658, 691 (1978), as Monell and its line of cases apply to municipal agencies, not to States, and do not provide grounds to reinstate the DOC as a defendant.

**THEREFORE, IT IS ORDERED** that defendants' motion to dismiss is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's Rule 59(e) motion to reinstate claims and defendants is **DENIED**.

Dated at Milwaukee, Wisconsin, this 23rd day of October, 2013.

                                                s/ Lynn Adelman
                                                _____
                                                LYNN ADELMAN
                                                District Judge