UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TONY D. WALKER,

      Plaintiff,

      v.                                       Case No. 13-CV-3

EDWARD WALL, DEIRDRE MORGAN,
CATHY JESS, CHARLES FACKTOR,
AMY BASTEN, MICHAEL BAENEN,
JESSICA LEGOIS, and MICHAEL MOHR,

      Defendants.

## DECISION AND ORDER

Plaintiff has filed his second motion for reconsideration of the court's screening order to the extent that it dismissed his due process claim. He contends that he should have been permitted to proceed on the claim based on allegations that the Department of Corrections failed to provide him with notice of the time, date, or place of the disciplinary hearing that resulted in a disposition of sixteen days cell confinement. I dismissed this claim in the Screening Order and reviewed the dismissal in a subsequent order denying plaintiff's first motion for reconsideration. (Docket 23 at 3-6.) The instant motion does not raise any new arguments and, therefore, I will deny the motion.

Next, plaintiff has filed a motion for preliminary injunction/temporary restraining order. Plaintiff contends that defendants continue to deny him access to needed legal materials and postage. As a result, he was unable to timely file his initial brief in support of his petition for habeas corpus in <u>Walker v. Baenen</u>, Case Number 13-CV-652-WEC

(E.D. Wis.). Plaintiff also asserts that was unable to submit his initial partial appeal fee in Walker v. Hamblin, Appeal Number 13-2796 (7th Cir.).

A party seeking a preliminary injunction must demonstrate that he is reasonably likely to succeed on the merits, that he is experiencing irreparable harm that exceeds any harm his opponent will suffer if the injunction issues, that he lacks an adequate remedy at law, and that the injunction would not harm the public interest. Coronado v. Valleyview Pub. Sch. Dist. 365-U, 537 F.3d 791, 794-95 (7th Cir. 2008) (citing Christian Legal Soc'y v. Walker, 453 F.3d 853, 859 (7th Cir. 2006)). "If the moving party meets this threshold burden, the district court weighs the factors against one another in a sliding scale analysis . . . which is to say the district court must exercise its discretion to determine whether the balance of harms weighs in favor of the moving party or whether the nonmoving party or public interest will be harmed sufficiently that the injunction should be denied. Id.; see Joelner v. Vill. of Wash. Park, 378 F.3d 613, 619 (7th Cir. 2004). The factors considered in ruling on a temporary restraining order mirror those on motions for a preliminary injunction. Wright, Miller, Kane, Marcus, & Steinman, 11A Federal Practice and Procedure Civil § 2951 (2d ed.).

In this case, plaintiff is proceeding on a claim that defendants denied him access to the courts because they denied him a legal loan and, as a result, his certiorari petition challenging procedural irregularities of a conduct report was dismissed because he was unable to submit the necessary documents. Currently pending is defendants' motion for summary judgment for failure to exhaust administrative remedies.

Here, plaintiff has not shown that he is reasonably likely to succeed on the merits of the access to the courts claim upon which he is proceeding in this case. His motion for

preliminary injunction/temporary restraining order allegations do not pertain to this case. To the extent that plaintiff seeks to proceed on new claims based on the allegations set forth in the instant motion, any such amendment would be futile. Based on electronic court filings, I take judicial notice of the fact that plaintiff filed his initial brief in Eastern District Case Number 12-CV-652 on December 16, 2013, and that on October 25, 2013, the initial partial appeal fee was waived in Seventh Circuit Case Number 13-2796. Accordingly, plaintiff's motion will be denied.

Finally, plaintiff has filed a motion for a 20-day extension to file his response to defendants' motion for summary judgment. I will grant this request.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for reconsideration (Docket 24) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunction/temporary restraining order (Docket 25) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time (Docket 32) is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 13th day of February, 2014.

                                          s/ Lynn Adelman
                                          _____
                                          LYNN ADELMAN
                                          District Judge