# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TONY D. WALKER,
     **Plaintiff,**

v.                                                                        Case No. 13-C-0003

EDWARD WALL, DEIRDRE MORGAN,
CATHY JESS, CHARLES FACKTOR,
AMY BASTEN, MICHAEL BAENEN,
JESSICA LEGOIS, and MICHAEL MOHR,
     **Defendants.**

## DECISION AND ORDER

Plaintiff, Tony D. Walker, a Wisconsin state prisoner, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. He alleges that the defendants denied him access to the courts when they refused his request for a legal loan. Walker alleges that the denial of the legal loan resulted in the dismissal of a certiorari action he had filed in state court. The certiorari action challenged the result of a prison disciplinary proceeding, in which Walker was sentenced to sixteen days of cell confinement. Walker alleged that the result of the disciplinary proceeding had to be set aside because, among other reasons, Walker was not given proper notice of the hearing.

To prevail on a claim alleging denial of access to the courts, a plaintiff must show that the denial of access resulted in interference with a legal claim. Bridges v. Gilbert, 557 F.3d 541, 553 (7th Cir. 2009) (quoting Lewis v. Casey, 518 U.S. 343, 353 (1996)). To show this, a plaintiff does not have to prove that, had it not been for the defendant's interference, he would have won his case. Walters v. Edgar, 163 F.3d 430, 434 (7th Cir. 1998). Rather, all that the plaintiff must show is that the claim was not frivolous. Id.; accord Burd v. Sessler,

702 F.3d 429, 433–34 (7th Cir. 2012); Bridges, 557 F.3d at 553; Gentry v. Duckworth, 65 F.3d 555, 559–60 (7th Cir. 1995).

The defendants have filed a motion for summary judgment on Walker's denial-of-access claim. The defendants do not dispute that the denial of the legal loan resulted in the dismissal of Walker's certiorari petition. Instead, they contend that the claim fails because Walker cannot demonstrate that the certiorari petition raised nonfrivolous claims. However, the defendants do not argue that the claims alleged in the state certiorari petition were frivolous. Instead, they argue that the state court would have dismissed the petition on procedural grounds because Walker had failed to exhaust his prison remedies before filing the petition.

Under Wisconsin law, to exhaust prison remedies an inmate must use the Inmate Complaint Review System ("ICRS"), the procedures for which are stated in Wisconsin Administrative Code Chapter DOC 310. Walker did file a complaint pursuant to the ICRS before filing his certiorari petition, and he did attempt to raise in his complaint the issues he would eventually include in his certiorari petition. However, the complaint was summarily rejected on the ground that Walker did not allege "sufficient facts upon which redress may be made." See Wis. Admin. Code § DOC 310.11(5)(c). Walker appealed the rejection of his complaint in accordance with the rules of the ICRS, but the rejection was affirmed.

The defendants contend that because Walker's inmate complaint was dismissed for failure to allege sufficient facts upon which redress may be made, the circuit court would have dismissed his certiorari action for failure to exhaust administrative remedies. However, it is by no means certain that the circuit court would have dismissed the certiorari petition for this reason. Walker technically exhausted his prison remedies by filing a complaint and

2

appealing the denial of that complaint as far as the ICRS allows. Arguably, Walker did not properly exhaust his prison remedies because, according to the complaint examiner and appeal officer, he failed to allege sufficient facts to support his claim. But it is only arguable that Walker did not properly exhaust his prison remedies for this reason. The ICRS does not contain any guidance to prisoners as to how much detail must be included in a complaint. It informs prisoners only that they must "clearly identify the issue." Wis. Admin. Code § DOC 310.09(1)(e). Walker seems to have complied with this rule. His complaint stated in relevant part as follows:

> I was never informed of the hearing's time, date, or place. They simply opened my door on Saturday and told me to get dressed and go out to the rotunda. I was never given notice of a hearing.

Mohr Aff. ¶ 8, Ex. 1002 at 1. It is true that Walker did not provide any factual background to this issue, such as the date of the hearing or the number of the conduct report that gave rise to the hearing. But what rule of the ICRS requires a prisoner to include that information in the complaint? There is nothing in the ICRS analogous to Federal Rule of Civil Procedure 8(a), which requires a civil plaintiff to include in his or her complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." The ICRS requires the inmate to clearly state the issue, and here the issue was that Walker did not get notice of a hearing. Thus, it is at least arguable that Walker properly exhausted his prison remedies, and therefore the defendants have not shown that Walker's certiorari complaint was frivolous.

Accordingly, **IT IS ORDERED** that the defendants' motion for summary judgment (Docket # 27) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file supplemental response (Docket # 42) is **DENIED AS MOOT**.

Dated at Milwaukee, Wisconsin, this 29th day of August, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge