# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**TONY D. WALKER**,

                      Plaintiff,

  v.

**Case No. 13-cv-3-pp**

**EDWARD WALL, DEIRDRE MORGAN,
CATHY JESS, CHARLES FACKTOR,
AMY BASTEN, MICHAEL BAENEN,
JESSICA LEGOIS, AND MICHAEL MOHR,**

                      Defendants.

---

**DECISION AND ORDER GRANTING THE PLAINTIFF'S MOTION FOR THE COURT TO APPLY THE PRISON MAILBOX RULE (DKT. NO. 99), DENYING THE PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 98), AND DENYING AS MOOT THE PLAINTIFF'S MOTION TO AMEND THE COMPLAINT (DKT. NO. 102)**

---

*Pro se* plaintiff Tony D. Walker is a Wisconsin state prisoner. On September 21, 2015, the court denied his motion for summary judgment (Dkt. No. 72) and granted the defendants' motion for summary judgment (Dkt. No. 58). Dkt. No. 96.[1] On October 26, 2015, the plaintiff filed a motion pursuant to Federal Rule of Civil Procedure 59(e), asking the court to reconsider its decision. Dkt. No. 98. The defendants responded to the plaintiff's motion on November 11, 2015. Dkt. No. 101. The court denies his motion.

---

[1] For purposes of this decision, the court will assume the reader's familiarity with that decision and will not repeat the lengthy factual background or analysis here.

1

As an initial matter, the court notes that on October 28, 2015, the plaintiff filed a motion asking the court to apply the prison mailbox rule to his motion for reconsideration. Dkt. No. 99. He explained that he submitted the motion to the institution library for e-filing on October 18, 2015, but that the library misplaced the motion. Dkt. No. 100. As a result, the motion was not filed until October 26. Id. The court grants the plaintiff's motion, and now will turn to the substance of his motion to reconsider.

The plaintiff correctly sets forth the standard for a Rule 59(e) motion, which serves a very limited purpose in civil litigation. Specifically, the rule allows a court to alter a judgment only if the movant can demonstrate "a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506, 511-12 (7th Cir. 2007)). The fact that a party is not happy with the court's decision is not a basis for bringing a Rule 59(e) motion; in establishing that a manifest error of law exists, the movant must show the court wholly disregarded, misapplied, or failed to recognize controlling precedent. Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 303 (7th Cir. 2000) (citations omitted).

Here, the plaintiff does not identify any newly discovered evidence; instead, he argues that the court made several manifest errors of law. First, the plaintiff repeatedly argues that the court's decision was wrong because the "plaintiff has shown the requisite detriment by demonstrating the fact that he was not allowed to raise his voice in court." Dkt. No. 98 at 3. As the court

2

explained in its decision, the Constitution guarantees only *meaningful* access to the courts. Gentry v. Duckworth, 65 f.3d 555, 558 (7th Cir. 1995). What this means is that conduct that blocks a person's access to the courts is actionable only if a person can demonstrate that he was prevented "from litigating a nonfrivolous case." Walters v. Edgar, 163 F.3d 430, 434 (7th Cir. 1998). Thus, the fact that the defendants' actions blocked the plaintiff from "rais[ing] his voice in court" is not sufficient on its own to state an access to the courts claim; the plaintiff needed to demonstrate that he was raising his voice on a non-frivolous claim. He failed to do this for the reasons explained in the court's September 21, 2015 order.

Second, the plaintiff argues that the "court cannot say what another judge would have done in this case because a jury would be the appropriate fact finder, not this court." Dkt. No. 98 at 4. This argument is not persuasive or relevant, because the court's September 21, 2015 decision on the summary judgment motions did not make determinations of *fact*; the court made determinations of *law* based on the undisputed facts. This is precisely the role courts are to play on summary judgment. See Fed. R. Civ. P. 56 ("the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). None of the "facts" the plaintiff identifies are actually facts – they are legal conclusions. The plaintiff's disagreement with those conclusions does not transform them into something they are not. Juries decide disputed

3

facts; judges decide disputes over the law. This court decided the parties' legal disputes in the September 21, 2015 order.

Third, the plaintiff argues that in his complaint he stated conspiracy, equal protection, and due process claims, as well as various state law claims. On April 25, 2013, Judge Lynn Adelman (the judge assigned to the case at that time) entered an order allowing the plaintiff to proceed on an access to the courts claim. Dkt. No. 9. That is the *only* claim on which Judge Adelman permitted the plaintiff to proceed. In response, the plaintiff filed a motion asking Judge Adelman to reconsider his decision and reinstate various claims and defendants. Dkt. No. 12. Judge Adelman denied that motion on October 23, 2013. Dkt. No. 23. The court will not disturb that decision, which was entered nearly a year before this court's summary judgment decision and is binding on Judge Pepper as the law of the case. Further, the parties did not brief these claims in their cross-motions for summary judgment, nor did the court discuss them in its September 21, 2015 summary judgment decision. It is improper, therefore, for the plaintiff to raise them in a motion for reconsideration of the summary judgment decision.

Finally, the remainder of the plaintiff's reconsideration motion rehashes arguments that he made in his summary judgment motion. The court discussed these arguments at length in its decision, and will not repeat that discussion here.

It is clear that the plaintiff disagrees with, and is disappointed by, the court's decision. As as the court noted at the start of this decision, however,

disagreement and disappointment are not sufficient bases to warrant granting the relief the plaintiff seeks. Because the plaintiff has not satisfied the standards of Rule 59(e), the court denies his motion.

Finally, on December 3, 2015, the plaintiff filed a motion asking the court to allow him to amend his complaint. Dkt. No. 103. In this motion, the plaintiff sought to "allege several constitutional violations which were not included in the original complaint." Id. at 1. The court will deny this motion. First, while it is true that courts are encouraged to freely grant motions to amend pleadings, the court has discretion in terms of timing. In this case, the plaintiff seeks to amend a complaint he filed two years ago, *after* the court has denied his motion for summary judgment, granted judgment in favor of the defendants, and dismissed the complaint. There is no complaint for the plaintiff to amend. Further, a review of the amended complaint the plaintiff attached to his motion shows that he is attempting to add back into the case claims that Judge Adelman prohibited back in January of 2013. The plaintiff cannot use an untimely motion to amend his complaint to get around Judge Adelman's decision.

### III. CONCLUSION

The court **ORDERS** that the plaintiff's motion to apply the prison mailbox rule to his motion for reconsideration (Dkt. No. 99) is **GRANTED**.

The court **ORDERS** that the plaintiff's motion for reconsideration (Dkt. No. 98) is **DENIED**.

5

The court **ORDERS** that the plaintiff's motion for leave to amend his complaint (Dkt. No. 103) is **DENIED**.

Dated in Milwaukee, Wisconsin this 4th day of January, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge